# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JIMMYE RICHARDSON,

        Petitioner,

v.

WILLIAM POLLARD,

        Respondent.

Case No. 14-CV-542-JPS

ORDER

The petitioner, Jimmye Richardson, filed a petition for a writ of habeas corpus on May 12, 2014. (Docket #1). The Court screened Mr. Richardson's petition and directed the respondent (hereinafter "the State") to respond. (Docket #4). In his petition, Mr. Richardson raised only one claim: that the prosecutor failed to disclose exculpatory evidence, as required under *Brady v. Maryland*, 373 U.S. 83 (1963). (*See* Docket #1, #4). The State filed its response on June 18, 2014, thereafter both Mr. Richardson and the State filed motions for extensions of time. (Docket #9, #10, #12, #15). Now, the matter is fully briefed and ready for a decision. (Docket #13, #17 #18).

1. BACKGROUND

The Court begins with a short discussion of the background of this case.[1]

Mr. Richardson was charged in Milwaukee County Circuit Court with first-degree reckless homicide as party to a crime, Wis. Stat. §§ 904.02(1), 939.05. (Docket #9, Ex. 5 at 1–2).

---

[1]For ease, and because Mr. Richardson does not appear to take issue with the factual discussion from the Wisconsin Court of Appeals's opinion in his direct appeal (Docket #13, #18), the Court will cite primarily to that opinion in discussing the factual background of this case. (Docket #9, Ex. 5).

One of the witnesses against Mr. Richardson was Detective Mark Peterson. (Docket #9, Ex. 5 at 2). Before trial, Mr. Richardson learned that Detective Peterson was under investigation by the professional performance division due to a citizen complaint that he had attempted to contact witnesses in connection with an armed robbery charge against his son. (Docket #9, Ex. 5 at 2).

Through counsel, Mr. Richardson sought to exclude Detective Peterson, arguing that the State's failure to provide information about these disciplinary proceedings was a *Brady* violation. (Docket #9, Ex. 5 at 2). Mr. Richardson argued that, had he been provided with that information, he would have investigated the complaint against Detective Peterson. (Docket #9, Ex. 5 at 2–3). Mr. Richardson planned to use that complaint and related information that he found in his investigation to impeach Detective Peterson's credibility. (Docket #9, Ex. 5 at 2–3).

The trial court rejected Mr. Richardson's argument. (Docket #9, Ex. 5 at 2–3). It concluded that the State had no obligation to disclose the information about the complaint and investigation against Detective Peterson. (Docket #9, Ex. 5 at 3).

Thus, Detective Peterson was allowed to testify. (Docket #9, Ex. 5 at 3). Detective Peterson testified that he had met with a witness who had clearly identified Mr. Richardson as a shooter of the victim. (Docket #9, Ex. 5 at 3). Detective Peterson recounted that the witness selected Mr. Richardson as a shooter from a photo array and that the witness "was one hundred percent positive as to the identification." (Docket #9, Ex. 5 at 3). This conflicted slightly with the testimony of the witness, who stated that he did not remember identifying Mr. Richardson "one hundred percent" as one of the shooters. (Docket #9, Ex. 5 at 3).

There was additional testimony. The victim's sister provided an eye witness account of the events, but testified that she could not be sure that Mr. Richardson was a shooter. (Docket #9, Ex. 5 at 4). She also testified that she did not recall identifying Mr. Richardson from a photo array shown to her by a separate detective. (Docket #9, Ex. 5 at 4). That other detective testified that the victim's sister had, in fact, selected Mr. Richardson from a photo array but stated that she was not one hundred percent positive of her identification. (Docket #9, Ex. 5 at 4). Mr. Richardson objected to the second detective's testimony as extrinsic evidence of prior inconsistent statements and overly prejudicial. (Docket #9, Ex. 5 at 4–5). The trial court rejected those objections. (Docket #9, Ex. 5 at 4–5).

The case was sent to the jury, which convicted Mr. Richardson. (Docket #9, Ex. 5 at 5). The trial court sentenced Mr. Richardson to 31 years of initial confinement, followed by 10 years of extended supervision. (Docket #9, Ex. 5 at 5).

Mr. Richardson appealed, asserting that the trial court erred in denying his *Brady* claim and his evidentiary objections to the testimony of the second detective. (Docket #9, Ex. 5 at 5–7). The Wisconsin Court of Appeals rejected both of his arguments and affirmed his conviction. (Docket #9, Ex. 5 at 5–7).

Mr. Richardson filed a petition for review, which the Wisconsin Supreme Court rejected. (Docket #9, Ex. 8).

Next, he timely filed his federal petition for a writ of habeas corpus, raising only the *Brady* claim. (Docket #1). His petition is now before the Court for a decision.

2. DISCUSSION

Because the state courts adjudicated Mr. Richardson's claims on their merits, the Court may grant a writ of habeas corpus only if the state court's decision was: (1) "contrary to…clearly established federal law, as determined by the Supreme Court of the United States"; (2) "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1–2). *See also Conner v. McBride*, 375 F.3d 643, 648–49 (7th Cir. 2004) (citing *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997)).

In this case, none of the three bases for federal habeas relief are present. In making that determination, the Court reviews the decision "'of the last state court to address a given claim on the merits.'" *Warren v. Baenen*, 712 F.3d 1090, 1096 (7th Cir. 2013) (quoting *Harris v. Thompson*, 698 F.3d 609, 623 (7th Cir. 2012)). In this case, that last reasoned decision is the opinion of the Wisconsin Court of Appeals.

2.1 Contrary to Clearly Established Federal Law?

The Wisconsin Court of Appeals' opinion is not contrary to clearly established federal law.

"A state court decision is contrary to clearly established federal law if the court applies a rule that plainly contradicts the Supreme Court's governing rule or if it comes to a result different than did the Supreme Court on substantially identical facts." *Avila v. Richardson*, 751 F.3d 534, 536 (7th Cir. 2014) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). *See also Kamlager v. Pollard*, 715 F.3d 1010, 1016 (7th Cir. 2013) (citing *Bell v. Cone*, 535 U.S. 685,

694 (2002); *Williams*, 529 U.S. at 405–06; *McNary v. Lemke*, 708 F.3d 905, 913 (7th Cir. 2013)).

In its opinion, the Wisconsin Court of Appeals identified the controlling Supreme Court precedent—*Brady*—and correctly described the *Brady* standard. (Docket #9, Ex. 5 at 5–6). The Wisconsin Court of Appeals having identified and applied the correct rule, its opinion is not contrary to clearly established federal law.

2.2 Unreasonable Application of Supreme Court Precedent?

The Wisconsin Court of Appeals' opinion also did not involve an unreasonable application of Supreme Court precedent.

"A decision involves an 'unreasonable application' of Supreme Court precedent if the decision, while identifying the correct governing rule of law, applies it unreasonably to the facts of the case." *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013) (citing *Williams*, 529 U.S. at 407). However, the Supreme Court has made clear that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410. In fact, Mr. Richardson will be entitled to habeas relief only if he can "show that the state court's ruling on the claim…was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 526 U.S. 86, 131 S.Ct. 770, 786–87 (2011). *See also Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013).

The Wisconsin Court of Appeals focused on the materiality prong of *Brady*, finding that "the mere possibility that information 'might have helped the defense…does not establish 'materiality.'" (Docket #9, Ex. 5 at 6 (citing *State v. Harris*, 2004 WI 64, ¶ 16, 272 Wis. 2d 80, 680 N.W.2d 737)). The Wisconsin Court of Appeals cited a Wisconsin case—*Harris*—rather than a

Supreme Court case for that proposition; but, in any event, the rule it applied is correct.

Evidence is not "material" under *Brady* unless the defendant shows that there is a "reasonable probability" that disclosure of the evidence would have resulted in a different outcome at trial. *E.g.*, *Strickler v. Greene*, 527 U.S. 263, 290 (1999); *Kyles v. Whitley*, 514 U.S. 419, 433–34 (1995); *United States v. Bagley*, 473 U.S. 667, 682 (1985); *United States v. Morales*, 746 F.3d 310, 315 (7th Cir. 2014). "[I]t should take more than supposition on the weak premises offered by responded to undermine a court's confidence in the outcome." *Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (*per curiam*).

Thus, the Wisconsin Court of Appeals' conclusion that the defendant's lack of support for materiality was a reasonable application of *Brady* and its progeny. Moreover, even if Mr. Richardson had found evidence to impeach Detective Peterson's credibility, he would not have been able to use that evidence at trial to do so. *See* Wis. Stat. § 906.08(2). Thus, the excluded evidence could not have been material. *See, e.g., United States v. Dabney*, 498 F.3d 455, 459 (7th Cir. 2007) (finding no *Brady* violation for undisclosed evidence of police complaints, because such evidence inadmissible under Fed. R. Ev. 608(b)); *United States v. Veras*, 51 F.3d 1365, 1375 (7th Cir. 1995) (same as to misconduct allegation against police officer witness).

2.3   Unreasonable Determination of Facts?

Mr. Richardson does not seem to argue that any of the Wisconsin Court of Appeals' discussion of the facts was unreasonable. However, even if he did, he could not prevail.

"A decision 'involves an unreasonable determination of the facts if it rests upon factfinding that ignores the clear and convincing weight of the evidence.'" *Bailey v. Lemke*, 735 F.3d 945, 949–50 (7th Cir. 2013) (quoting

*Goudy v. Basinger*, 604 F.3d 394, 399–400 (7th Cir. 2010); citing *Ward v. Sternes*, 334 F.3d 696 (7th Cir. 2003)).

The Wisconsin Court of Appeals' discussion of the facts is entirely consistent with the trial transcripts. (*Compare* Docket #9, Ex. 5, *with* Docket #9, Ex. 13, 7–121 (testimony of witnesses discussed by Wisconsin Court of Appeals, including *voir dire* of Detective Peterson), and Docket #9, Ex. 14, 27–67 (testimony of other witnesses discussed by Wisconsin Court of Appeals)). Mr. Richardson has not identified, nor can the Court find, any unreasonable determination of the facts.

3. CONCLUSION

Having found that there was no error in Mr. Richardson's state proceedings, the Court is obliged to deny his habeas petition.

Finally, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Mr. Richardson must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not necessary here. Simply put, because the undisclosed evidence was not material, there was no *Brady* violation in Mr. Richardson's underlying state court case. The Wisconsin Court of Appeals having reached the *correct* decision, no reasonable jurist would find it

debatable that the Wisconsin Court of Appeals identified the correct *Brady* standard and reasonably applied it to the facts of Mr. Richardson's case. As a consequence, the court must deny a certificate of appealability as to the Mr. Richardson's petition.

Accordingly,

IT IS ORDERED that Mr. Richardson's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability as to the petitioner's petition be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge